# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH W. VAUGHN,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | Case No. 09-CV-725-GKF-FHM |

## REPORT AND RECOMMENDATION

Plaintiff, Kenneth W. Vaughn, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 6, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held January 21, 2009. By decision dated March 4, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 15, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 44 years old at the date of alleged onset of disability and 49 on the date of the ALJ's decision. He has a limited education and formerly worked as day laborer, stocker, furniture mover, machinist, and transmission disassembler. He claims to have been unable to work since July 1, 2004, as a result of major depressive disorder, severe with psychotic features, alcohol abuse, and cocaine and marijuana dependence.

## **The ALJ's Decision**

The ALJ determined that Plaintiff meets the requirements of disability under the Listing of Impairments.[2] However, the ALJ found that if Plaintiff stopped substance abuse, he would not meet the Listing requirements:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a wide range of work at all exertional levels but with some nonexertional limitations. The claimant would be able to perform simple tasks under routine supervision. He could also relate to supervisors and peers on a superficial work basis. He could

---

[2] The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. When all of the specified medical criteria are met, the claimant is adjudged disabled.

not relate to the general public, and he could adapt to a work situation.

[Dkt. 13-2, p. 23]. Based on the testimony of a vocational expert, the ALJ found there are jobs in the economy that Plaintiff could perform with the forgoing residual functional capacity (RFC) if he stopped substance abuse.[3] [Dkt. 13-2, p. 26]. The ALJ stated:

> Because the claimant would not be disabled if he stopped the substance use (20 C.F.R. 404.1520(g) and 416.920(g)), the claimant's substance use disorders is a contributing factor material to the determination of disability (20 C.F.R. 404.1535 and 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

[Dkt. 13-2, p. 26].

## **Plaintiff's Allegations**

Plaintiff asserts the ALJ made the following errors:

> 1. The ALJ's finding as to the materiality of substance abuse is not supported by substantial evidence in the record as a whole.
>
> 2. The ALJ erred, as a matter of law, by substituting her own opinion for the opinions of the treating physician and the consultative examiner.
>
> 3. The ALJ erred by failing to consider the claimant's work attempts as unsuccessful work attempts or a trial work period.

[Dkt. 15, p. 4].

---

[3] The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Analysis

In 1996 the Social Security Act was amended to provide:

> An individual shall not be considered to be disabled for purposes of this subsection if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 423(d)(2)(C). The Commissioner enacted regulations to implement the statutory amendment:

> (a) *General.* If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535, 416.935. The regulations go on to say that the key factor is whether the claimant would be disabled if drug and alcohol use were stopped. 20 C.F.R. § § 404.1535(b), 416.935(b).

In this case there is ample evidence of drug and alcohol abuse. The ALJ performed the required analysis and determined that: Plaintiff is disabled; the drug and alcohol abuse is a contributing factor to his disability; absent the drug and alcohol abuse claimant could perform work that exists in the economy; and therefore Plaintiff is not disabled.

Plaintiff argues that the medical evidence does not support the conclusion that he could work if he stopped his drug use. He states that no physician has opined that he could work if he abstained from drug use. Plaintiff points to Dr. Harnish's opinion that he had numerous marked limitations and asserts that nothing indicated Dr. Harnish believed those limitations were due to substance abuse. Plaintiff also points out that the medical records

4

indicate his primary diagnosis is severe depression and that cocaine and cannabis dependency is a secondary diagnosis.

Plaintiff is correct that no physician has issued an opinion to the effect that Plaintiff could work if he discontinued substance abuse. In part, the reason for the ALJ's rejection of the opinion of Plaintiff's treating physician, Dr. Harnish, is that Dr. Harnish's opinion did not address the effect of substance abuse on Plaintiff's ability to work. The absence of a physician's opinion on the subject of whether Plaintiff could work if he discontinued substance abuse is not a reason to reverse the case. There is no requirement that the record contain such an opinion. Rather, the ALJ is required to assess the entire record and make the findings set out in the above-quoted regulations.

In this case the record provided the ALJ with clear evidence that Plaintiff would be able to work if he stopped substance abuse because, as the ALJ noted, Plaintiff used drugs until September 2008, when he was hospitalized. Plaintiff testified, and the medical records supports that he had been clean from that time until the hearing. [Dkt. 13-2, p. 24]. Plaintiff became employed in October 2008 and was still working at the time of the hearing on January 21, 2009, even though he was not compliant with his mental health treatment. *Id.*

Plaintiff's assertion that the ALJ substituted her opinion for that of the treating physician is not supported by the record. Dr. Harnish of Family and Children's Services completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) form in which Dr. Harnish indicated Plaintiff had a number of marked work-related limitations. [Dkt. 13-7, pp.55-56]. An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical

5

and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Harnish. The ALJ stated that the notes from Family and Children's Services reveal that Plaintiff has been seen there only sporadically and usually by someone other than Dr. Harnish. [Dkt. 13-2, p. 24]. Although Plaintiff generally asserts that the ALJ should not have rejected Dr. Harnish's opinion, Plaintiff has not identified any specific record-based support for that assertion.

On May 16, 2007, Linda R. Craig, Psy.D., performed a consultative examination of Plaintiff. In summarizing her findings, Dr. Craig stated: "Patient's ability to work is mildly impaired with respect to understanding complex instruction, remembering instructions, sustaining focus and concentration, and severely impaired with respect to socially interacting with coworkers or public." [Dkt. 13-7, p. 62]. Based on Plaintiff's statement that he has been clean for the past 18 months, Dr. Craig noted that Plaintiff's cocaine and cannabis dependence were in full remission. [Dkt. 13-7, pp. 61-62]. The ALJ stated that Dr. Craig's opinions as to Plaintiff's limitations were based on the erroneous assumption that Plaintiff had been sober for 18 months, when he had not been sober for that period. The ALJ stated that erroneous assumption was the basis for giving no weight to Dr. Craig's opinion. [Dkt. 13-2, p. 24]. Plaintiff argues that the ALJ erred in giving no weight to Dr. Craig's opinion because there is no evidence of contemporaneous drug use from the April

6

2005 date of his admission for detox from cocaine until Dr. Craig's examination in May of 2007. [Dkt. 15, p. 9]. Plaintiff is correct that the record does not contain evidence of cocaine abuse during the 18 months before Dr. Craig's examination, but there is an indication that Plaintiff was abusing alcohol during that time frame. The Family and Children's Services records indicate a diagnosis on December 4, 2006 of alcohol dependence and also a notation that Plaintiff was receiving rehab treatment. [Dkt. 13-7, pp. 37, 38, 45].

Regardless of the accuracy of Dr. Craig's understanding of whether Plaintiff had abstained for 18 months, Dr. Craig's opinion of Plaintiff's abilities is consistent with the ALJ's RFC findings. Dr. Craig stated: "Patient's ability to work is mildly impaired with respect to understanding complex instructions, remembering instructions, sustaining focus and concentration, and severely impaired with respect to socially interacting with coworkers or public." [Dkt. 13-7, p. 62]. The RFC actually included Dr. Craig's findings: "[t]he claimant would be able to perform simple tasks under routine supervision. He could also relate to supervisors and peers on a superficial work basis. He could not relate to the general public, and could adapt to a work situation." [Dkt. 13-2, p. 23]. The undersigned finds no error in the ALJ's treatment of Dr. Craig's opinion.

Plaintiff argues that the ALJ erred in failing to consider his work activity as an unsuccessful work attempt or a trial work period, but acknowledges that this issue is not dispositive of the case. Plaintiff asserts: "[t]he case should be remanded for the first two issues discussed above, and on remand, we ask that the court order the agency to consider whether the short periods of work were unsuccessful work attempts." [Dkt. 15, p.

7

10]. Since the undersigned has determined that the case should not be remanded, there is no need to address this issue.

## **Conclusion**

Based on the foregoing analysis, the undersigned finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before February 14, 2011.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

Dated this 31st day of January, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE